Carl Henderson **RANKIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–90–245–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 5, 1991.

Will Gray, Houston, for appellant.

Rowena M. Young, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant was charged in a two count indictment with one count of aggravated sexual assault of a child and one count of sexual assault of a child. TEX.PENAL CODE ANN. §§ 22.021, 22.011. Appellant pled not guilty before a jury to both counts. He was convicted of both counts. On the first count (aggravated sexual assault), the court assessed punishment at imprisonment for thirty years, plus a $2000.00 fine. On the second count (sexual assault), the court assessed punishment at imprisonment for twenty years, plus a $1000.00 fine. The sentences are to run concurrently. Appellant brings two points of error. We affirm.

Appellant is the complainant's stepfather. The complainant testified that, from the time she was seven until she was fifteen years old, appellant would grab her, pull off her clothes, and perform oral sex on her. The complainant was born on April 9, 1973, and was sixteen at the time of trial. During the period of the alleged sexual abuse, the complainant lived with her mother and appellant. The complainant's mother and appellant later adopted a baby boy. The complainant's mother worked during the day as a legal secretary. Appellant was employed as a maintenance man but was frequently at home during the day with the complainant. The family moved several times, residing in and out of Harris County.

In late September or early October of 1984, the family lived in an apartment in Harris County. At the time, the complainant was ten and a half years old. One day, the complainant was changing her clothes in her room with the door shut when appellant walked in, and took a photograph of her while she was removing her shirt. Appellant then followed the complainant into the bathroom near her mother's bedroom where he began rubbing the complainant's breasts. As the complainant walked out of the bathroom, appellant pushed her on the bed, pulled off her clothes and pulled her legs apart. Appellant performed oral sex on the complainant, placing his tongue inside and around the complainant's sexual organ. He also inserted his finger into the complainant's sexual organ. The complainant was able to use her legs to push appellant's finger out two or three times, eventually forcing appellant to stop. He continued, however, to perform oral sex on her. On one occasion, appellant demanded that the complainant perform oral sex on him.

The complainant initially refused but then acquiesced, putting appellant's sexual organ in her mouth momentarily, before running off.

In August of 1988, the family lived in a house in Harris County. At the time, the complainant was fifteen years old. On one occasion, the complainant was crying while she was lying on her mother's bed. Appellant entered the room and began fondling the complainant's breasts. The complainant pushed his hand away but appellant persisted, placing his hand alternately on the complainant's sexual organ and then on her breasts, while the complainant pushed his hand away each time. By this time, the complainant would try to grip her pants and squeeze her legs together but appellant would tickle her and overpower her. Appellant eventually pulled off the complainant's pants and performed oral sex on her, placing his tongue inside and around the complainant's sexual organ. He also inserted his finger in the complainant's sexual organ. This was the last time appellant sexually abused her.

On September, 18, 1988, the complainant and appellant got into a loud argument during a family gathering. The complainant became upset and asked to live with her grandmother in Louisiana. The following weekend, the complainant visited her grandmother and told her of appellant's sexual abuse. The complainant returned home on Sunday and two days later, informed her mother of the abuse. The next morning, the complainant and her mother went to the Harris County Sheriff's office, where the complainant was interviewed. Appellant was arrested later that day.

In both of his points of error, appellant contends the trial court erred in excluding evidence of the complainant's past sexual behavior. Appellant contends that evidence was relevant not only to impeach the State's medical expert, but also to his defense of promiscuity.

Appellant called five witnesses in a hearing held outside the presence of the jury. The State objected to the testimony under TEX.R.CRIM.EVID. 412 and the hearsay rule.

None of the testimony was admitted before the jury.

The complainant's cousin, M.R. testified that she never saw the complainant engaged in sexual activity. She testified that on one occasion, she sat in front of the complainant in a movie theatre and heard strange noises. The complainant later told her she had performed oral sex on a boy. M.R. testified, however, that this incident occurred after the date of the last offense. M.R. also testified that the complainant told her about having sex on other occasions. She did not provide further details regarding the nature or date of the sexual activity. M.R. further testified about one other incident when the complainant told her she had sexual intercourse with a boy at a party. She testified that this occurred sometime before appellant's arrest.

M.R.'s aunt, A.C., testified that she heard that the complainant performed oral sex on a boy at the movies, had sex with a boy at a party, and "hung on" to the boys and "rubbed on" them, including her son. A.C.'s testimony was based only on what she heard from her daughter and others.

Appellant testified that when the complainant was six years old, the complainant's mother told him that she saw the complainant's brother with his sexual organ exposed and the complainant lying on the bed with her clothes pulled down. He also testified that he observed the complainant kneeling down in front of another little girl while the two girls were taking a shower. Appellant testified that when the complainant was eleven or twelve he caught her a couple of times engaged in "lesbian activity" with girlfriends in the bedroom. When asked what he saw, appellant said he could not tell because the girls were facing the opposite direction. Appellant did not provide further details on the nature of the sexual activity he observed.

The complainant's aunt, C.R., testified that the complainant told her she had performed oral sex.

The complainant's cousin, S.C., testified that the complainant did not tell her about any sexual activity.

A trial court should be allowed the discretion to exclude or admit evidence before the jury and an appellate court should not set aside the trial court's ruling absent a showing on the record that the trial court has abused its discretion. *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex.Crim. App.1990). A trial court abuses its discretion when it acts in an arbitrary and capricious manner. *Montgomery*, 810 S.W.2d at 380.

With the exception of a portion of appellant's testimony, all of the testimony offered is based on alleged statements made by the complainant or on statements made by others based on alleged statements made by the complainant. Thus, the testimony is inadmissible hearsay. TEX. R.CRIM.EVID. 802, 805. Appellant argues the testimony is admissible as a statement against interest. TEX.R.CRIM.EVID. 803(24). Alleged statements by the complainant that she had engaged in sexual conduct, however, did not at the time they were made subject her to criminal or civil liability nor were they contrary to her pecuniary or proprietary interests. Even if the complainant's statements are admissible under an exception to the hearsay rule, the same is required of the other witnesses' testimony. TEX.R.CRIM.EVID. 805. No exceptions are applicable and, thus, the testimony is inadmissible.

It is also inadmissible under TEX. R.CRIM.EVID. 412(b). That rule provides that in a prosecution for sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is admissible if the court determines, after an in camera hearing, that it is necessary to rebut or explain scientific or medical evidence by the State, and its probative value outweighs the danger of unfair prejudice.

Dr. Juliet Wendt performed a physical examination on the complainant on October 4, 1988 and was called by the State as an expert witness. She testified that the complainant's hymen was notched or scarred in many places, indicating penetration of the complainant's sexual organ "on several to many occasions." She also testified that the notches were consistent with pen-etration by something other than the mouth. A review of the evidence offered by appellant reveals that it does not impeach the State's medical evidence.

Clearly, the fact that the complainant may have performed oral sex does not impeach the State's expert testimony regarding penetration. Even if it were impeaching, the alleged incident did not involve past sexual behavior because it occurred after the date of the last offense. In addition, all of the witnesses made only vague references to the complainant's alleged sexual activity. Details regarding the nature and date of the sexual activity, were at best, sketchy. In fact, A.C.'s testimony was based solely on reputation, which is expressly prohibited by TEX. R.CRIM.EVID. 412(a). The only possible impeaching evidence was M.R.'s testimony that the complainant had sexual intercourse at a party. While she testified that this incident occurred before appellant's arrest, she did not specify that it occurred after the date of either of the alleged offenses. Again, that testimony was inadmissible hearsay because it was based solely on what the complainant told the witness, not on what the witness observed. TEX.R.CRIM.EVID. 802, 805.

Appellant also argues that the trial court should have admitted the evidence of the complainant's sexual conduct because it was relevant to his defense of promiscuity. Rule 412 does not limit the right of the accused to produce evidence of promiscuous sexual conduct of a child fourteen years or older as a defense. TEX. R.CRIM.EVID. 412(e). TEX.PENAL CODE ANN. § 22.011(d)(1) provides that it is a defense to a prosecution under Subsection (a)(2) (sexual assault of a child) if at the time of the offense, the child was fourteen years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that section. This defense does not apply to the offense of aggravated sexual assault. *Johnson v. State*, 800 S.W.2d 563, 567 (Tex.App.— Houston [14th Dist.] 1990, pet. ref'd); TEX.PENAL CODE ANN. § 22.021(d).

Aside from the fact that the offered testimony was inadmissible hearsay, there was no evidence, other than appellant's testimony, that the acts occurred before the alleged sexual assault. In order to raise the defense of promiscuity, there must be evidence that the child engaged in promiscuous conduct prior to the alleged offense. *Chreene v. State*, 691 S.W.2d 748, 750 (Tex. App.—Texarkana 1985, pet. ref'd). The incident in which the complainant allegedly performed oral sex occurred after the date of the alleged offense. In regard to the complainant allegedly having sexual intercourse at a party, the testimony was only that it occurred before appellant's arrest, not before the alleged offense. Even if it were before the alleged offense, a single other instance of a sexual act does not constitute promiscuity within the meaning of § 22.011. *Wicker v. State*, 696 S.W.2d 680, 683 (Tex.App.—Dallas 1985, pet. granted), *aff'd*, 740 S.W.2d 779 (Tex.Crim. App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988); *Jasso v. State*, 699 S.W.2d 658, 660 (Tex.App.—San Antonio 1985, no pet.) Promiscuity connotes a variety of consensual sexual conduct with a variety of partners continuing over a reasonable period of time. *Scott v. State*, 668 S.W.2d 901, 902 (Tex.App.—Fort Worth 1984, pet. ref'd); *Wicker*, 696 S.W.2d at 682–83. Furthermore, the testimony that the complainant "hung on" to the boys and "rubbed on" them does not describe the type of promiscuous conduct enumerated in § 22.011(a)(2) and required by § 22.011(d)(1). This is equally true with respect to the testimony that the complainant's mother saw the complainant undressed with her brother, who had his sexual organ exposed.

The only testimony of past sexual behavior which is not hearsay are the two incidents described by appellant. Appellant said he observed the complainant when she was seven years old kneeling in front of another little girl in the shower and he observed the complainant when she was eleven or twelve years old engaged in "lesbian activity." That testimony, however, is so vague that it is impossible to determine whether it involved the promiscuous conduct required by § 22.011(d)(1).

We hold that the trial court did not abuse its discretion in excluding the complained of evidence. Accordingly, we overrule appellant's two points of error and affirm the judgment of the trial court.