LINDQUIST 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00765-CR







Edward Lindquist, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0941697, HONORABLE JON N. WISSER, JUDGE PRESIDING






 Appellant Edward Lindquist was convicted of sexual assault of a child, a second
degree felony offense. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen.
Laws 5311, 5312 (Tex. Penal Code Ann. § 22.011, since amended). Appellant entered a plea of
not guilty and, following a bench trial, the court sentenced appellant to five years in prison and
a $1000 fine, probated. In three points of error, appellant challenges the sufficiency of the
evidence supporting the conviction. We will affirm the judgment of the trial court.



BACKGROUND


 Appellant was married to the mother of A.B., the complainant, from 1987 to 1990. 
A.B. testified that appellant first initiated sexual contact with him beginning in May or June of
1988 when A.B. was 14 years old. The first contacts involved mutual masturbation, but the
encounters soon intensified to oral and anal sex. A.B. testified that there was only one sexual
encounter with appellant after A.B. moved out of the house in August 1989. Appellant was
originally indicted in September 1992 and charged with an offense which occurred on or about
May 22, 1989. This first indictment was dismissed March 21, 1994. Appellant was reindicted
on March 29, 1994, and the offense date was changed to on or about January 25, 1989.

 The specific sexual contact charged in the second indictment was witnessed by
A.B.'s mother. According to A.B., he and appellant were talking in A.B.'s bedroom when
appellant began to fondle him. A.B.'s mother later walked into the bedroom and saw appellant
performing oral sex on him. A.B.'s mother did not testify. 

 At trial, A.B. testified to having sexual relationships with three people besides
appellant. A.B.'s first relationship occurred when he was around nine years old and consisted of
twenty "experimental" encounters with a male friend his own age. These encounters involved
mutual masturbation and oral sex. Five years later, A.B., who was then fourteen years old,
engaged in two sexual encounters with another boy of the same age. These encounters also
involved mutual masturbation and oral sex. A.B.'s third relationship was with his high school
girlfriend. According to A.B., however, this relationship did not begin until May 1989--after the
offense alleged in the indictment. A.B. and his girlfriend engaged in heterosexual intercourse
over the three years that they dated. 

 The defense submitted a taped deposition of A.B. during which he stated that he
was involved with his girlfriend before the January 1989 offense alleged in the indictment. The
trial court accepted this evidence, but limited its applicability to impeachment purposes. At the
conclusion of the trial testimony, appellant orally stipulated to the events in the indictment, subject
to a defense of promiscuity. The State orally agreed to the stipulation as well. Appellant was
convicted and now, in three points of error, appeals the judgment of conviction.



DISCUSSION AND ANALYSIS


 Appellant contends that A.B.'s testimony proved that A.B. was promiscuous and
thus provided appellant with a valid defense. At the time of the offense, Penal Code section
22.011 addressing sexual assault of a child provided:



(d) It is a defense to prosecution . . . of this section that:


 (1) the child was at the time of the offense 14 years of age or older and
had prior to the time of the offense engaged promiscuously in conduct
described in that subsection . . . .



Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5314 (Tex.
Penal Code Ann. § 22.011(d)(1), since amended). (1) In his first point of error, appellant contends
that the evidence is legally insufficient to support his conviction because it fails to establish
beyond a reasonable doubt that A.B. was not promiscuous at the time of the offense.

 In reviewing the legal sufficiency of the evidence, we do not look at whether the
State presented evidence refuting appellant's promiscuity defense testimony. Rather, we
determine whether, after viewing all the evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of sexual assault of a child
beyond a reasonable doubt and could also have found that A.B. was not promiscuous beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim.
App. 1981).

 During his testimony at trial, A.B. addressed his prior sexual experiences. 
Viewing the testimony in the light most favorable to the prosecution, we must believe that A.B.'s
relationship with his girlfriend did not commence until after the offense charged against appellant
in the indictment. Thus, because A.B.'s sexual contacts with his girlfriend occurred after
appellant's alleged offense, those acts cannot be used by appellant in support of a promiscuity
defense. See Rankin v. State, 821 S.W.2d 230, 234 (Tex. App.--Houston [14th Dist.] 1991, no
pet.).

 The first of A.B.'s two remaining sexual experiences took place when he was nine
years old. Although it consisted of multiple contacts with a young friend, this first experience
occurred more than five years before his next encounter and thus takes on a remote nature. 
Further, in light of these five years and the fact that A.B. was only nine years old at the time of
the contact, this first contact resembles experimentation, rather than purposeful sexual activity. 
This experimental contact, limited to one individual, does not support the type of conduct
generally associated with promiscuity. See id.

 Because we do not consider A.B.'s relationship with his girlfriend and because his
first sexual experiments when he was nine years old are of limited probative value, the remaining
record contains only two contacts when he was around fourteen with a boy of the same age. This
relationship with one person, consisting of only two physical contacts, is not enough to support
the defense of promiscuity. See id. We find that any rational trier of fact could have found that
A.B. was not promiscuous beyond a reasonable doubt and that the evidence was legally sufficient
to support the conviction. Accordingly, appellant's first point of error is overruled.

 In his second point of error, appellant contends that the evidence is factually
insufficient to support appellant's conviction in that it fails to establish beyond a reasonable doubt
that the complainant was not promiscuous at the time of the offense. When conducting a factual
sufficiency review, we do not view the evidence in the light most favorable to the verdict. 
Instead, we consider all the evidence equally, including the testimony of defense witnesses and
the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin
1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, No.
450-94, slip op. at 2, 3 (Tex. Crim. App. Jan. 31, 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd untimely filed).

 For factual sufficiency purposes, the evidence is conflicting as to whether A.B.'s
relationship with his girlfriend began before or after the occurrence of the offense alleged in the
indictment. Even if A.B.'s relationship began before the date of appellant's alleged offense,
A.B.'s promiscuity is still not established. A.B. stated that he dated his girlfriend for three years,
all the while observing yearly anniversaries and otherwise complying with various dating nuances. 
In fact, he testified as to the emotional loss he felt when the relationship ended. A three-year
dating commitment during teenage years is antithetical to the concept of promiscuity. Although
A.B. admitted that he did not engage in sexual acts for love or affection, his relationship with his
girlfriend was not indiscriminate or without emotional attachment. Thus, the jury's finding that
A.B. was not promiscuous was not contrary to the great weight of the evidence regardless of when
A.B.'s relationship with his girlfriend began. Therefore, we overrule appellant's second point
of error.

 Appellant's third point of error contends that the trial court committed reversible
error by failing to approve in writing appellant's consent to the stipulation of the events in the
indictment as required by article 1.15 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 1.15 (West Supp. 1996). Appellant contends that, without a proper
stipulation under article 1.15, the evidence is insufficient to support appellant's conviction because
article 38.07 of the Texas Code of Criminal Procedure requires either a timely outcry or
corroboration of the victim's testimony to support a conviction and because this case had neither. 
See Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 1996).

 A.B. did not make a timely outcry in this case. Further, it is true that on January
25, 1989, the date of the offense, article 38.07 required corroboration of victim testimony in
sexual assault cases unless the victim was younger than 14 years old. (2) However, after the date
of the offense but before appellant's trial, article 38.07 was amended to eliminate the
corroboration requirement for victims younger than 18 years old. (3) 

 According to appellant, application of the amended article 38.07 in this case would
constitute an ex post facto violation. However, the general rule is that, in the absence of an
express intention to the contrary, procedural statutes control litigation from their effective date;
that is, they apply to both pending and future actions. (4) See Zimmerman v. State, 750 S.W.2d 194,
202-04 (Tex. Crim. App. 1988); Wade v. State, 572 S.W.2d 533, 534 (Tex. Crim. App. 1978). 
In this case, we disagree with appellant's contention that article 38.07 is a substantive statute,
applicable only to future actions, and find it instead to be procedural.

 Another court of appeals recently determined that the retrospective application of
article 38.07 as amended violated the prohibition against ex post facto laws found in Article I,
section 10 of the United States Constitution. Bowers v. State, 914 S.W.2d 213, 217 (Tex.
App.--El Paso 1996, pet. filed). The Bowers court based its holding on Calder v. Bull, 3 Dall.
386, 1 L. Ed. 648 (1798). In Calder, the United States Supreme Court stated that laws which
alter the legal rules of evidence and which require less or different testimony than the law required
at the time of commission of the offense in order to convict the offender implicate core concerns
of the Ex Post Facto Clause. Id. at 390. The Bowers court found that the amendment of article
38.07 allowed appellant to be convicted on less evidence than was required at the time the offense
was committed because corroboration of victim testimony was no longer required for children
under 18 years of age. Bowers, 914 S.W.2d at 217. We disagree that the amendment permits
conviction on less evidence than was required prior to the amendment of article 38.07 and decline
to follow Bowers.

 In conducting an analysis under the state or federal constitutions of a claimed ex
post facto violation, we determine whether the statute (1) punishes as a crime an act previously
committed which was innocent when done; (2) makes more burdensome the punishment for a
crime after its commission; or (3) deprives a person charged with a crime of any defense available
at the time when the act was committed. (5) Collins v. Youngblood, 497 U.S. 37, 42 (1990) (citing
Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)); Ex Parte Hallmark, 883 S.W.2d 672, 674 (Tex.
Crim. App. 1994); Grimes v. State, 807 S.W.2d 582, 586-87 (Tex. Crim. App. 1991). 

 We believe the amendment of article 38.07 in this case is analogous to a line of
cases dealing with retroactive "procedural" changes in which the United States Supreme Court has
found no ex post facto violation. For example, in Hopt v. Utah, 110 U.S. 574 (1884), the Court
upheld the retroactive application of a statute which was passed prior to the date of trial, but after
the date of the alleged homicide in that case. The statute repealed another statute which had
previously prevented convicted felons from testifying as witnesses in a trial. In response to the
argument that this repealing statute constituted an ex post facto law, the Supreme Court noted:



But alterations which do not increase the punishment nor change the ingredients of
the offense or the ultimate facts necessary to establish guilt, but, leaving untouched
the nature of the crime and the amount or degree of proof essential to conviction,
only removes existing restrictions upon the competency of certain classes of
persons as witnesses, relate to modes of procedure only, in which no one can be
said to have a vested right and which the State, upon grounds of public policy, may
regulate at pleasure.



Id. at 590; see also Dobbert v. Florida, 432 U.S. 282 (1977) (statutory change in function of
judge and jury in Florida capital punishment prosecutions not ex post facto); Beazell v. Ohio, 269
U.S. 167 (1925) (statute requiring joint trial for codefendants, rather than permitting separate
trials, not ex post facto); Mallett v. North Carolina, 181 U.S. 589 (1901) (provision granting state
the right to appeal from intermediate court's award of new trial to defendant not ex post facto);
Thompson v. Missouri, 171 U.S. 380 (1898) (rejecting ex post facto challenge to retroactive
application of statute making admissible handwritten documents as handwriting exemplars).

 Further, in People v. Hudy, 535 N.E.2d 250 (N.Y. 1988), the New York Court
of Appeals addressed this issue in a case with remarkably similar facts to the case at hand. In
Hudy, the New York state legislature repealed statutory provisions requiring corroboration of the
victim's testimony in sex-crime prosecutions involving underage victims. Id. at 251. Finding that
the Ex Post Facto Clause did not preclude application of the repealing enactment in a prosecution
for acts occurring before the statute's effective date, the New York court found that "[t]he
legislation abolishing the corroboration requirement in this case plainly does not alter the People's
burden of convincing the fact finder beyond a reasonable doubt of defendant's guilt." Id. at 257. 
The court also noted that this holding agreed with the fundamental purposes behind the
constitutional prohibition of ex post facto laws:



Defendant had ample notice that the conduct in which he engaged was prohibited
and that, if convicted, he could be punished within certain legislatively prescribed
guidelines. He had no legitimate right to rely on a procedural rule that affected
neither his culpability nor his expected punishment but instead merely made the
prosecution's case against him more difficult to prove.



Id. at 258.

 According to the former version of article 38.07, the testimony of a victim 14 years
old or older was insufficient evidence to sustain a conviction unless accompanied by a timely
outcry or corroboration. The amended article 38.07 still requires either a timely outcry or
corroboration, but corroboration is only necessary when the victim is 18 years of age or older. 
See Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 1996). In other words, the testimony
of a victim under the age of 18 is now sufficient by itself to convict an accused. Article 38.07 as
amended, however, does not permit conviction on less evidence as asserted by appellant because,
even after the amendment, the State maintains the burden of proving all elements of the penal code
provision beyond a reasonable doubt. See Hudy, 535 N.E.2d at 255-58. Further, it is the
function of the trier of fact to weigh the credibility of witness testimony. Tex. Code Crim. Proc.
Ann. art. 38.04 (West 1979). Article 38.07 as amended does not punish as a crime an act
previously committed which was innocent when done; nor make more burdensome the punishment
for a crime after its commission; nor deprive one charged with crime of any defense available
according to law at the time when the act was committed. Thus, we find the amendment of
Article 38.07 falls within the rationale of Hopt and its progeny and is not prohibited by the Ex
Post Facto Clause of Article I, section 10. 

 Because article 38.07 as amended is applicable in this case and because it does not
require corroboration of A.B.'s testimony, we need not address whether article 1.15 applies to
appellant's verbal stipulation to the events as alleged in the indictment. See Tex. R. App. P. 90. 
If there is sufficient evidence of guilt independent of a defective stipulation, a conviction can be
upheld despite the defect. Smith v. State, 754 S.W.2d 307, 308 (Tex. App.--Austin 1988, no pet.). 
Because we have already reviewed the evidence without considering the stipulation and believe
it to be sufficient to sustain the conviction, we overrule appellant's third point of error. 



CONCLUSION


 We affirm the judgment of the trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: April 10, 1996

Publish

1.   Section 22.011(d) has been amended to eliminate promiscuity as a defense to
prosecution. Tex. Penal Code Ann. § 22.011(d) (West 1994).
2.   Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090; Act
of May 29, 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5311, 5319.
3.   Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3586,
3765.
4.   When the legislature amended article 38.07 in 1983, the legislature specifically
provided that the statute would apply only to a prosecution commenced on or after the
effective date of the act. In addition, the legislature specified that amendments to the
substantive penal code counterpart--section 22.011--would apply only to an offense committed
on or after the effective date of the act. However, the 1993 amendment to article 38.07 does
not contain such a provision, and we can only assume that the legislature purposefully intended
to omit such language. See State v. Eversole, 889 S.W.2d 418, 425 (Tex. App.--Houston [14th
Dist.] 1994, pet. ref'd) (citing Morrison v. Chan, 699 S.W.2d 205, 208 (Tex. 1985)).
5.   As noted by the Bowers court, recent cases often fail to include a fourth category of ex
post facto violations listed in Calder. For example, the Beazell definition of an ex post facto
law, accepted in Youngblood as "faithful to our best knowledge of the original understanding
of the Ex Post Facto Clause," omits this category. Youngblood, 497 U.S. at 42-43. In this
fourth category, Calder prohibits as an ex post facto violation, "[e]very law that alters the
legal rules of evidence, and receives less, or different, testimony, than the law required at the
time of the commission of the offense, in order to convict the offender. . . ." Calder, 3 Dall.
at 390 (emphasis omitted). However, the Supreme Court noted in Youngblood that cases
subsequent to Calder point out that this language was not intended to prohibit the application
of new evidentiary rules in trials for crimes committed before the changes. Youngblood, 497
U.S. at 43 n.3.


ant because,
even after the amendment, the State maintains the burden of proving all elements of the penal code
provision beyond a reasonable doubt. See Hudy, 535 N.E.2d at 255-58. Further, it is the
function of the trier of fact to weigh the credibility of witness testimony. Tex. Code Crim. Proc.
Ann. art. 38.04 (West 1979). Article 38.07 as amended does not punish as a crime an act
previously committed which was innocent when done; nor make more burdensome the punishment
for a crime after its commission; nor deprive one charged with crime of any defense available
according to law at the time when the act was committed. Thus, we find the amendment of
Article 38.07 falls within the rationale of Hopt and its progeny and is not prohibited by the Ex
Post Facto Clause of Article I, section 10. 

 Because article 38.07 as amended is applicable in this case and because it does not
require corroboration of A.B.'s testimony, we need not address whether article 1.15 applies to
appellant's verbal stipulation to the events as alleged in the indictment. See Tex. R. App. P. 90. 
If there is sufficient evidence of guilt independent of a defective stipulation, a conviction can be
upheld despite the defect. Smith v. State, 754 S.W.2d 307, 308 (Tex. App.--Austin 1988, no pet.). 
Because we have already reviewed the evidence without considering the stipulation and believe
it to be sufficient to sustain the conviction, we overrule appellant's third point of error. 



CONCLUSION


 We affirm the judgment of the trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: April 10, 1996

Publish

1.   Section 22.011(d) has been amended to eliminate promiscuity as a defense to
prosecution. Tex. Penal Code Ann. § 22.011(d) (West 1994).
2.   Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090; Act
of May 29, 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5311, 5319.
3.   Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3586,
3765.
4.   When the legislature amended article 38.07 in 1983, the legislature specifically
provided that the statute would apply only to a prosecution commenced on or after the
effective date of the act. In addition, the legislature specified that amendments to the
substantive penal code counterpart--section 22.011--would apply only to an offense committed
on or after the effective date of the act. However, the 1993 amendment to article 38.07 does
not contain such a provision, and we can only assume that the legislature purposefully intended
to omit such language. See State v. Eversole, 889 S.W.2d 418, 425 (Tex. App.--Houston [14th
Dist.] 1994, pet. ref'd) (citing Morrison v. Chan, 699 S.W.2d 205, 208 (Tex. 1985)).
5.   As noted by the Bowers court, recent cases often fail to include a fourth category of ex
post facto violations listed in Calder. For example, the Beazell definition of an ex post facto
law, accepted in Youngblood as "faithful to our best knowledge of the original understanding
of the Ex Post Facto Clause," omits this category. Youngblood, 497 U.S. at 42-43. In this
fourth category, Calder prohibits as an ex post facto violation, "[e]very law that alters the
legal rules of evidence, and receives less, or different, testimony, than the law required at the
time of the commission of the offense, in order to convict the offender. . . ." Calder, 3 Dall.
at 390 (emphasis omitted). However, the Supreme Court noted in Youngblood that cases
subsequent to Calder