NO. 12-00-00305-CR


IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DANIEL MARK GAGLIARDO, JR.,
§
 APPEAL FROM THE 7TH

APPELLANT 


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE §
 SMITH COUNTY, TEXAS







 Appellant Daniel Mark Gagliardo, Jr., pleaded not guilty to three counts of aggravated sexual
assault of a child under fourteen years of age and seven counts of sexual assault of a child under
seventeen years of age. A jury found him guilty of all ten charges and assessed his punishment at
sixty years incarceration on each aggravated sexual assault charge and twelve years incarceration on
each sexual assault charge. Appellant raises four issues for our consideration. We affirm in part and
reverse and render in part.


Background During their marriage, Dan and Karen Benson had two sons, Brent, born in 1969, and Chad,
born September 14, 1972. After the Bensons divorced in 1980, Dan Benson moved into an 
apartment complex on Thigpen Drive in South Tyler. Chad and Brent visited their father at his
apartment every other weekend. 

 Before Dan Benson remarried in January of 1985 and moved away from the Thigpen Drive
complex, Appellant moved into the apartment across from him. When Chad was ten or eleven years
old, he and Brent befriended Appellant.

 Chad, Brent, and another boy who lived in the apartment complex frequently visited
Appellant, who lived alone in his one bedroom apartment except for a couple of months in late 1987
and early 1988. The boys would watch television with Appellant, swim in the apartment complex
pool, or just go to his apartment to hang out and talk. Appellant told the boys he was a pilot for an
entertainment company which flew rock stars to their concerts all around the world. Appellant also
told the boys he was an undercover F.B.I. agent, showing them handcuffs, a gun, and an F.B.I. jacket
and cap. He told them his Doberman Pinscher was a drug dog. Chad testified that he came to
idolize Appellant, believing Appellant "hung the moon." 

 The same year that Dan Benson remarried and moved away from the Thigpen Drive complex,
Brent got his driver's license and began to spend less time with his younger brother and Appellant. 
Chad and Appellant continued to see one another several times a year for the next several years. 

 Shortly before Chad started seventh grade in the late summer of 1985, Appellant picked Chad
up from his mother's house to take him to spend the night at Appellant's apartment. While driving
in his car, Appellant told Chad that he believed that if men engaged in oral sex together, that would
not make them gay, but that if men engaged in anal sex together, that would make them gay. Chad
agreed. Later that night in Appellant's twin bed, Appellant began to fondle Chad. Appellant
performed oral sex on Chad, and Chad reciprocated. Chad was twelve years old. 

 Chad testified that at least twice in 1986, he and Appellant engaged in reciprocal oral sex. 
Chad testified that the sexual contact with Appellant occurred approximately every two months for
the next several years. Chad believed he began to have anal sex with Appellant in the Spring of 1986
while he was still in the seventh grade.

 The sexual contact continued when Appellant moved to a duplex in South Tyler but occurred
only once after Appellant adopted another boy and moved into an A-frame house on Lake Tyler. 
In late summer of 1990, when Chad was seventeen years old, he and Appellant parted as friends.

 In April of 1994, Chad, who was then a student at the East Texas Police Academy, was
approached by law enforcement officers who inquired about his relationship with Appellant. Chad
gave a detailed statement to the police, accusing Appellant of sexually assaulting him over a period
of years. Chad had never told anyone before. 

 Appellant was indicted in August of 1994, and reindicted in March of 1995, for sexually
assaulting Chad. Appellant was charged with three counts of aggravated sexual assault of child
occurring when Chad was under fourteen years of age and seven counts of sexual assault of a child
occurring when Chad was under seventeen years of age. 

 After a three day trial, a jury found Appellant guilty of all charges on April 20, 1995. The
punishment phase was set to begin on April 21, 1995, but Appellant did not appear for court. After
determining that Appellant had voluntarily absented himself, the trial court proceeded with the
punishment phase of the trial without Appellant. The jury assessed punishment at sixty years
incarceration on each of the three aggravated charges and twelve years incarceration on each of the
sexual assault charges. 

 Appellant was not apprehended until June 2, 2000. On July 11, 2000, the court entered
judgment and sentenced Appellant in accordance with the jury verdict. Appellant brings this appeal.


Statute of Limitations

 In his first issue, Appellant contends that the charges against him were limitations barred and
that the trial court incorrectly charged the jury on the applicable statute of limitations. The State
contends that both sub-issues are waived. 

 The statute of limitations is a defense which is forfeited if not asserted at or before the
guilt/innocence stage of trial. See Proctor v. State, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998).

Appellant neither challenged the indictment on limitations grounds nor asserted the statute of
limitations as a defense at trial. Therefore, Appellant's defensive issue of limitations is waived.

 Appellant further contends that the trial court incorrectly charged the jury on the applicable
statute of limitations. At trial, however, Appellant did not object to the jury charge on that basis.
Consequently, Appellant must show egregious harm to obtain a reversal. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984). 

 In the instant case, Appellant cannot show egregious harm because the trial court's
instruction on the statute of limitations was a correct statement of the law at the time of the
indictment. On the date of the earliest offense, August 15, 1985, the statute of limitations for sexual
assault and aggravated sexual assault of a child was five years. See Acts 1983, 68th Leg., R.S., ch.
977, § 7, 1983 Tex. Gen. Laws 5317-5318. However, the legislature may extend the statute of
limitations for prosecution of a criminal offense after the offense has been committed but before the
expiration of original limitations period. Lindsey v. State, 760 S.W.2d 649 (Tex. Crim. App. 1988). 
In 1987, before the statute of limitations had run on the August 1985 offense, the legislature changed
the statute of limitations for sexual assault and aggravated sexual assault of a child to ten years. See
Act approved June 18, 1987, 70th Leg., R.S., ch. 716, § 1, 1987 Tex. Gen. Laws 2591 (current
version at Tex. Code Crim. Proc. Ann. art. 12.01 (Vernon Supp. 2002)). The 1987 change would
not have applied to the August 1985 offense if the prosecution of that offense had been barred by
limitations before September 1, 1987. See Id., § 2. Because the August 1985 offense was not yet
barred by limitations on September 1, 1987, the applicable statute of limitations at the time of the
indictment was ten years. It follows that if the earliest offense was not limitations barred, the
subsequent offenses could not have been barred by the statute of limitations either. Because the
court correctly charged the jury on the applicable statute of limitations, Appellant cannot show
egregious harm. Appellant's first issue is overruled.


Sufficiency of The Evidence In his second issue, Appellant contends that the evidence is insufficient to support his
conviction on counts one, two, and three of the indictment, the aggravated sexual assault charges. 
Specifically, Appellant argues that the evidence is insufficient to prove that Chad was under fourteen
years of age at the time of the aggravated offenses. Appellant does not specify whether he complains
of legal or factual sufficiency. Therefore, we address both legal and factual sufficiency of the
evidence. 

Legal Sufficiency

 The standard of review for legal sufficiency of the evidence is whether, viewing the evidence
in the light most favorable to the jury's verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598 (Tex.
Crim. App. 1998). An appellate court should uphold the jury's verdict "unless it is found to be
irrational or unsupported by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). All conflicts in the evidence should be resolved in favor of the
verdict, and every reasonable inference indulged. Sneed v. State, 803 S.W.2d 833, 837 (Tex. App.-
Dallas 1991, pet. ref'd). The jury is the exclusive judge of the credibility of the witnesses and of the
weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. 
Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 

 Sufficiency of the evidence should be measured by the elements of the offense as defined by
the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997) (en banc). Such a charge would be one that accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the particular offense for which the
defendant was tried. Id. Malik controls sufficiency of the evidence analysis even in the absence of
alleged jury charge error. See Gollihar v. State, 46 S.W.3d 243, 252-53 (Tex. Crim. App. 2001). 
 A person commits the offense of aggravated sexual assault if the person intentionally or
knowingly causes the penetration of the mouth of a child younger than fourteen years of age by the
sexual organ of the actor or if the person intentionally or knowingly causes the mouth of a child
younger than fourteen years of age to contact the sexual organ of the actor. See Tex. Pen. Code
Ann. § 22.021(a) (Vernon Supp. 2002). Count one of the indictment alleges that Appellant
committed aggravated sexual assault of Chad by penetrating Chad's mouth with Appellant's sexual
organ on or about August 15, 1985, when Chad was younger than fourteen years of age. Count two
of the indictment alleges that Appellant committed aggravated sexual assault of Chad by contacting
Chad's sexual organ with Appellant's mouth on or about January 15, 1986, when Chad was younger
than fourteen years of age. Count three of the indictment alleges that Appellant committed
aggravated sexual assault of Chad by penetrating Chad's mouth with Appellant's sexual organ on
or about August 15, 1986, when Chad was younger than fourteen years of age. 

 To sustain a conviction on count one, under a hypothetically correct jury charge, the State
had to prove that Appellant penetrated Chad's mouth with Appellant's sexual organ on or about
August 15, 1985, and that on the date of the offense, Chad was younger than fourteen years of age. 
The evidence is undisputed that Chad was born on September 14, 1972, making his fourteenth
birthday September 14, 1986. Chad testified that the first instance of sexual assault occurred in the
late summer of the year he started seventh grade. The evidence is undisputed that Chad started
seventh grade in 1985 when he was twelve years old. Chad testified that during that first episode,
Appellant performed oral sex on Chad, and Chad reciprocated. Viewed in the light most favorable
to the verdict, the evidence is legally sufficient to support Appellant's conviction on count one.

 To sustain a conviction on count two, under a hypothetically correct jury charge, the State
had to prove that Appellant caused Chad's sexual organ to contact Appellant's mouth on or about
January 15, 1986, and that on the date of the offense, Chad was younger than fourteen years of age.
To sustain a conviction on count three, under a hypothetically correct jury charge, the State had to
prove that Appellant penetrated Chad's mouth with Appellant's sexual organ on or about August 15,
1986, and that on the date of the offense, Chad was younger than fourteen years of age. As we
previously noted, the evidence was undisputed that Chad would not have been fourteen years of age
until September 14, 1986. Chad testified that once the sexual abuse began in August of 1985, it
occurred once every couple of months. Chad specifically testified that he and Appellant engaged in
reciprocal oral sex at least twice in 1986. Viewed in the light most favorable to the verdict, the
evidence is legally sufficient to support Appellant's conviction on counts two and three.

Factual Sufficiency

 When reviewing the factual sufficiency of the evidence, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). We review the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it with the evidence that tends to
disprove that fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We review the fact
finder's weighing of the evidence and are authorized to disagree with the fact finder's determination. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). This review must employ appropriate
deference to prevent an appellate court from substituting its judgment for that of the fact finder, and
any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the
weight and credibility to be given to the testimony of the witnesses. Jones, 944 S.W.2d at 648.

 The degree of deference a reviewing court provides must be proportionate with the facts it
can accurately glean from the trial record. Johnson, 23 S.W.3d at 8. A factual sufficiency analysis
can consider only those few matters bearing on credibility that can be fully determined from the cold
appellate record. Id. Such an approach occasionally permits some credibility assessment but usually
requires deference to the jury's conclusion based on matters beyond the scope of the appellate court's
legitimate concern. Id.

 The reviewing court must always remain cognizant of the fact finder's role and unique
position, a position that the reviewing court is unable to occupy. Id. The authority granted in Clewis
to disagree with the fact finder's determination is appropriate only when the record clearly indicates
such a step is necessary to arrest the occurrence of a manifest injustice. Id. Otherwise, due deference
must be accorded the fact finder's determinations, particularly those determinations concerning the
weight and credibility of the evidence. Jones, 944 S.W.2d at 648-49. 

 Our neutral review of the record reveals absolutely no contrary proof in the record. 
Furthermore, we conclude that the proof of guilt is not so obviously weak as to undermine our
confidence in the jury's verdict. The evidence that the sexual assault charged as count one in the
indictment occurred when Chad was twelve years old is clear and uncontroverted. As to the
incidences of sexual assault charged as counts two and three of the indictment, even though Chad
could not give definite dates, he did testify that the abuse occurred every couple of months once it
had begun in August of 1985 and that it occurred at least in twice in 1986. We defer, as we must,
to the jury's determination concerning the weight and credibility to be given Chad's testimony where
there is no clear indication in the record that a manifest injustice has occurred. We hold that the
evidence is factually sufficient to support Appellant's convictions on counts one, two, and three. 
Appellant's second issue is overruled. 


Article 38.07/Ex post facto law

 In his third issue, Appellant contends that his convictions for seven counts of sexual assault
violate the federal and state constitutional prohibitions against ex post facto laws because Chad's
testimony was not corroborated as required by the version of Article 38.07 of the Code of Criminal
Procedure in effect at the time of the offenses. The State counters that the issue is not preserved. The Court of Criminal Appeals has held that there are three types of rights: (1) absolute
requirements and prohibitions which cannot be waived, (2) rights which must be implemented unless
expressly waived, and (3) rights to be implemented upon request. See Ieppert v. State, 908 S.W.2d
217, 219 (Tex. Crim. App. 1995) (citing Marin v. State, 851 S.W.2d 275, 278-79 (Tex. Crim. App.
1993), overruled on other grounds by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997). The
constitutional prohibition against ex post facto laws is a fundamental systemic requirement which
cannot be waived. Ieppert, 908 S.W.2d at 220. Therefore, Appellant was not required to preserve
his ex post facto complaint at trial, and is permitted to raise it for the first time on appeal. 

 In its brief and at oral argument, the State conceded that if Appellant's third issue is
preserved, there is insufficient evidence to sustain Appellant's convictions on counts four through
ten of the indictment. Nevertheless, we believe a brief discussion of the merits of the issue is
essential to explain our holding.

 At the time of the offenses charged as counts four through ten of the indictment, a conviction
for sexual assault was supportable on the uncorroborated testimony of the victim of the sexual
offense if the victim informed any person, other than the defendant, of the alleged offense within six
months after the date on which the offense was alleged to have occurred. Act of May 26, 1983, 68th
Leg. R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090-2091; Act of May 29, 1983, 68th Leg. R.S., ch.
977, § 7, 1983 Tex. Gen. Laws 5311, 5319. The requirement that the victim inform another person
of an alleged offense did not apply if the victim was younger than fourteen years of age at the time
of the alleged offense. Id. 

 By the time of Appellant's trial, Article 38.07 had been changed. At the time of the trial, a
conviction for sexual assault was supportable on the uncorroborated testimony of the victim of the
sexual offense if the victim informed any person, other than the defendant, of the alleged offense
within one year after the date on which the offense was alleged to have occurred. Act of May 29,
1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3768. Most importantly, the
requirement that the victim inform another person of an alleged offense did not apply if the victim
was younger than eighteen years of age at the time of the alleged offense. Id. It is undisputed that
the offenses charged as counts four through ten of the indictment occurred after Chad's fourteenth
birthday and before his eighteenth birthday. It is also undisputed that Chad informed no one of the
sexual assaults until 1994, some five years after the last offense.

 At the time of Appellant's trial, the appellate courts had not been asked to decide which version
of Article 38.07 should control. The trial court in the instant case included the version of Article 38.07
in effect at the time of trial in its jury charge, requiring no corroboration because Chad was under the
age of eighteen at the time of the offenses. 

 By 1996, conflict had arisen among the various courts of appeals as to which version of Article
38.07 should govern. See Bowers v. State, 914 S.W.2d 213, 217 (Tex. App.- El Paso 1996, pet. ref'd)
(holding that the version in effect at the time of the offense should control); Lindquist v. State, 922
S.W.2d 223, 227 (Tex. App.- Austin 1996, pet. ref'd) (holding that the version in effect at the time
of trial governed). In 1998, the Fort Worth Court of Appeals held that Article 38.07 was merely a
procedural rule, and, therefore, the version in effect at the time of trial should control. Carmell v.
State, 963 S.W.2d 833, 836 (Tex. App.- Fort Worth 1998, pet. ref'd). The United States Supreme
Court reversed the Fort Worth court, holding that the changes to Article 38.07 "alter[ed] the legal
rules of evidence, [requiring] less, or different, testimony, than the law required at the time of the
commission of the offence, in order to convict the offender," and, thus, to apply the law retroactively
would violate the federal and state constitutional prohibitions against ex post facto laws. See
Carmell v. Texas, 529 U.S. 513, 530, 120 S. Ct. 1620, 1631, 146 L. Ed. 2d 577 (2000).

 Under the version of Article 38.07 in effect at the time of the offenses charged as counts four
through ten of the indictment, the evidence is insufficient to support Appellant's convictions because
the allegations are uncorroborated and Chad, who was not younger than fourteen years of age at the
time of those offenses, did not make an outcry within six months. Appellant's third issue is
sustained. 


Extraneous Offenses


 In his fourth issue, Appellant contends that when the State presented evidence in support of
counts four through ten, it was introducing inadmissible extraneous offenses, and, therefore, he is
entitled to a new trial on counts one, two, and three. We disagree.

 An extraneous offense is any act of misconduct, whether resulting in prosecution or not,
which is not shown in the charging instrument. Rankin v. State, 953 S.W.2d 740, 741 (Tex. Crim.
App. 1997); Brown v. State, 6 S.W.3d 571, 575 (Tex. App.- Tyler 1999, pet ref'd). The offenses
alleged as counts four through ten of the indictment against Appellant are, by definition, not
extraneous offenses because they are shown in the charging instrument. Furthermore, the State quite
correctly points out that the fact that there is insufficient evidence to convict Appellant on counts
four through ten after the holding of the United States Supreme Court in Carmell does not render
or transform the evidence presented in support of counts four through ten into evidence of
inadmissible extraneous offenses. Finally, Appellant is not entitled to a new trial on counts one, two,
and three after the holding in Carmell. Carmell does not stand for such a proposition, and it has
never been the law in the State of Texas that a verdict of "Not Guilty" on one or more counts of a
multiple-count indictment automatically entitles an accused to a new trial on counts upon which he
was convicted. Appellant's fourth issue is overruled.

 Having sustained Appellant's third issue, we reverse the judgment of the trial court as to
counts four through ten and render a judgment of acquittal as to these counts. We affirm the
judgment of the trial court as to counts one, two, and three.

 LEONARD DAVIS 

 Chief Justice



Opinion delivered November 30, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
















(PUBLISH)