In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00696-CR

____________


JOSEPH PRESTON HARRISON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 01CR0995






MEMORANDUM OPINION

 Joseph Preston Harrison, appellant, was charged by indictment with the offense of
aggravated sexual assault of a child with two enhancements. After appellant pled not guilty,
a jury found him guilty of the indicted offense. Appellant pled true to both enhancement
paragraphs. The trial court assessed punishment at 40 years confinement. Appellant filed
a timely motion for new trial, which was denied, and this appeal followed. Appellant raises
three issues on appeal, claiming that (1) the trial court erred in excluding from evidence the
medical records of the complaining witness, depriving appellant of the opportunity to
impeach the witness's credibility, (2) the trial court erred in admitting the testimony of the
State's nonscientific expert on sexual abuse, and (3) the evidence was factually insufficient
to prove the elements of the charged offense.

Discussion


Exclusion of Evidence

 In his first point of error, appellant claims that the trial court erred in excluding the
medical records of the complaining witness from evidence, depriving appellant of the
opportunity to impeach the witness. A.G., the child victim, testified in detail about the events
that took place on October 15, 2000, the day she was sexually assaulted. The State also
questioned A.G. about a subsequent sexual assault committed by appellant on March 21,
2001. Before cross-examining A.G., and outside the presence of the jury, appellant's counsel
informed the court of her intention to impeach A.G. with inconsistent statements made in
hospital records regarding A.G.'s prior sexual conduct and venereal disease. Appellant also
wanted to impeach A.G. with her juvenile record regarding her history of truant behavior and
of being a runaway.

 Appellant's counsel conducted a voir dire examination of A.G. outside the presence
of the jury. A.G. testified that she told the hospital nurses at a clinic in January 2001 that she
had intercourse with two different partners, not including appellant. After voir dire,
appellant's counsel argued that under Texas Rule of Evidence 412, A.G.'s medical records
were admissible for the limited purpose of establishing A.G.'s prior sexual encounters. 
Appellant's counsel stated that, under rule 412 (b)(2)(A), A.G.'s medical records were
necessary to rebut or explain scientific or medical evidence offered by the State. Counsel
anticipated that the State would call Joy Blackman, a physician's assistant and James
Lukefahr, M.D., as witnesses to prove that A.G. was sexually assaulted. Appellant's counsel
also informed the court of her intent to use A.G.'s medical records because they were
material and relevant.

 The court stated that the medical records were not in evidence and that there had been
no medical or scientific evidence to rebut. The court instructed appellant's counsel that, if
such evidence was introduced at a later time, then, at that time, counsel could raise the issue
with the court. The court ruled, "Right now that's [sic] no such evidence and I'm not going
to let it in until there is." Appellant's counsel requested that A.G. be subject to recall to be
questioned about the medical evidence.

 The State called Akua Agyeman, M.D., a doctor of internal medicine and pediatrics. 
Agyeman testified that he examined and interviewed A.G. on or about March 21, 2001. 
Agyeman testified that he observed an abrasion inside the child's vestibule by the hymen. 
The State also called Dr. Lukefahr, to testify about the abrasion found inside the child's
vestibule.

 A review of the trial record shows that appellant did not recall A.G. after the State
introduced the medical testimony of doctors Agyeman and Lukefahr. Appellant's counsel
did not make a subsequent attempt to impeach A.G. with either the medical records or school
records.

 Standard of Review

 A trial court should be allowed the discretion to exclude or admit evidence before the
jury, and an appellate court should not set aside the trial court's ruling absent a showing on
the record that the trial court has abused its discretion. Rankin v. State, 821 S.W.2d 230, 233
(Tex. App.--Houston [14th Dist.] 1991, no pet.); see also Montgomery v. State, 810 S.W.2d
372, 379-80 (Tex. Crim. App. 1990). A trial court abuses its discretion when it acts in an
arbitrary and capricious manner. Id.

 Texas Rule of Evidence 412(b) provides that, in a prosecution for sexual assault or
aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual
behavior is admissible if the court determines, after an in camera hearing, that it is necessary
to rebut or explain scientific or medical evidence by the State. See Tex. R. Evid. 412(b). A
review of the evidence leads us to conclude that the trial court did not abuse its discretion in
excluding the victim's medical records. (1) We overrule appellant's first point of error.

Nonscientific Expert Testimony

 In his second point of error, appellant claims that the trial court abused its discretion
in allowing the testimony of a non-scientific expert. After hearing voir dire testimony of
Trudy Davis and argument of counsel and reviewing case law, the trial court found the study
of the dynamics and common characteristics of sexually abused children to be a legitimate
field of expertise.

 In Hernandez v. State, the same issue was raised on appeal regarding the admissibility
of Davis's testimony. Hernandez v. State, 53 S.W.3d 742, 744 (Tex. App.--Houston [1st
Dist.] 2001, pet. filed). We decided that a trial court's decision to allow the testimony of
Davis was not an abuse of discretion. Id. at 750. In light of Hernandez, we overrule
appellant's second point of error.

Factual Sufficiency

 In his third point of error, appellant claims that the evidence was factually insufficient
to prove all the elements of aggravated sexual assault. A person commits the offense of
aggravated sexual assault of a child if the person, intentionally or knowingly, causes the
sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another
person, including the actor, and the victim is younger than 14 years of age. (2) Tex. Pen. Code
Ann. § 22.021 (a)(1)(B)(iii), (a)(2)(B) (Vernon 2003).

 Standard of Review

 In reviewing the evidence on factual sufficiency grounds, we ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We must avoid substituting our
judgment for that of the fact finder. Id.

 A.G., the child complainant, testified that in the Fall of 2000, when she was 12 years
old, appellant took her to a hotel room in Galveston. She testified that, while in the hotel
room, appellant penetrated her private part below her waist with his hand and touched her
private part with his mouth. The testimony of a victim, standing alone, even when the victim
is a child, is sufficient to support a conviction for sexual assault. Ruiz v. State, 891 S.W.2d
302, 304 (Tex. App.--San Antonio 1994, pet. ref'd) (citing Villalon v. State, 791 S.W.2d 130
(Tex. Crim. App. 1990)). We conclude that the evidence in this case is not so obviously
weak that it undermines confidence in the jury's verdict, nor is it greatly outweighed by
contrary proof. We overrule appellant's third point of error.

Conclusion

 We affirm the trial court's judgment.

 

 Sam Nuchia

 Justice


Panel consists of Justices Hedges, Nuchia and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).
1. Moreover, the record shows that, although appellant's counsel had the ability to recall
A.G. to the stand to impeach her once the medical records were in evidence, counsel
did not attempt to impeach A.G.
2. The indictment contained the following elements for the offense of aggravated sexual
assault of a child: that Joseph Preston Harrison, on or about October 15, 2000, in
Galveston County, made contact with his mouth to the female sexual organ of a child,
A.G., who was younger than 14 years of age, and not his spouse. Tex. Pen. Code
Ann. § 22.021 (a)(1)(B)(iii), (a)(2)(B) (Vernon 2003).