Richard HARO, Appellant,

v.

STATE of Texas, Appellee.

No. 11–96–058–CR.

Court of Appeals of Texas, Eastland.

May 1, 1997.

Bryan P. Cartall, Cartall Law Firm, San Antonio, for appellant.

William Dupree, Assistant District, Hardy L. Wilkerson, District Attorney, Big Spring, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

The jury found that appellant had sexually assaulted his twelve-year-old daughter and found him guilty of sexual assault of a child. They assessed punishment at confinement for 20 years and a fine of $10,000. We affirm.

We are first concerned with questions of "outcry" and of corroboration of the victim's testimony. At the time this offense was committed, it was not necessary to corroborate the testimony of a victim of a sexual assault if the victim informed someone else (outcry) about the crime within six months or if the victim was under the age of fourteen. TEX. CODE CRIM. PRO. art. 38.07 (1983).[1] Subsequent to the date of the offense but prior to appellant's trial, the legislature amended Article 38.07 and increased the outcry period to one year and the age limit to eighteen years. TEX. CODE CRIM. PRO. ANN. art. 38.07 (Vernon Supp.1997).[2]

In his first three points of error, appellant's argument is that outcry was not made within six months, that the corroboration of the victim's testimony was not sufficient, and that the amendments to Article 38.07 are unconstitutionally ex post facto as applied to him.

It is undisputed that the victim did not tell anyone about the incident for a period of time well in excess of the time periods provided for in either version of Article 38.07. The victim testified that appellant had threatened her and that she was afraid and did not tell anybody about the assault. Because the victim was under the age of fourteen at the time appellant assaulted her, it does not matter which version of Article 38.07 applies to this case. Neither version requires outcry from or corroboration of a victim's testimony when that victim is under the age of fourteen at the time of the sexual assault. Neither appellant nor the State has argued the degree of the burden of proof upon the age question in this context. This is not an element of the offense. Even if the

1. Before the 1993 amendments, Article 38.07 provided:

   A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense *within six months* after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was *younger than 14 years of age* at the time of the alleged offense. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim. (Emphasis added)

2. After the 1993 amendments, Article 38.07 provides:

   A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense *within one year* after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was *younger than 18 years of age* at the time of the alleged offense. (Emphasis added)

burden of proof is upon the State to prove the age of the victim, for Article 38.07 purposes beyond a reasonable doubt, there is more than sufficient support in the record that the sexual assault occurred in the summer of 1990, when the victim had not yet entered into her teenage years. The victim's mother testified that the victim was born in September 1977. The victim told how, on one day in the summer of 1990, while her mother was at work and she was at home babysitting her younger brother and sister, her father kissed her, fondled her breasts, penetrated her vagina with his finger, and also forced her to perform oral sex upon him. She and her mother testified that she was twelve. She also says that the same thing happened again later that day, while her mother was still at work. Further, both the victim and her mother fix the date of the assault at a time about three months prior to November 10, 1990, when the victim's mother and appellant took her to Lubbock for medical care. The victim told the court and jury that, when they arrived at the hospital in Lubbock, her mother went inside to check with hospital personnel and appellant again assaulted her. Under this evidence, she would have been thirteen at the time of the Lubbock incident and twelve at the time of the sexual assault for which appellant was convicted.

Because the record supports a finding that the victim was under fourteen years of age at the time of the sexual assault, it was not necessary to corroborate her testimony nor for her to have made an outcry under either version of Article 38.07. Appellant's first two points of error are overruled.

In his third point of error, appellant complains that to apply the 1993 amendments to Article 38.07 would be to violate the prohibition against ex post facto laws. Because there is sufficient evidence that the victim was under the age of fourteen at the time of the sexual assault, we need not reach this issue. The amendment changed nothing when applied to appellant under the evidence

in this case. We overrule appellant's third point of error.[3]

In his fourth point of error, appellant complains that "[t]he trial court erred by failing to instruct the jury on the applicable statute." Appellant did not object to the court's charge. He asks us to do two things: (1) search the record for egregious harm under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1985), or (2) conduct a harmless error analysis of his constitutional claim under *Abdnor v. State*, 871 S.W.2d 726 (Tex.Cr. App.1994). Appellant presupposes error, but we have found none. The record supports a finding that the victim was under fourteen years of age; therefore, no instruction was necessary. Moreover, even if it was error to fail to "instruct the jury on the applicable statute," we find from an examination of "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, and the arguments of counsel and any other relevant information revealed by the record of the trial as a whole" that any such error is not egregious. *Bailey v. State*, 867 S.W.2d 42 (Tex.Cr.App. 1993), quoting *Almanza v. State, supra.* The fourth point is overruled.

■ By his fifth point of error, appellant complains of the State's closing jury argument that appellant was "mean enough that if he thinks [the victim's mother is] running around on him he's going to make her pay the price because he's going to abuse her daughter." The record reveals that the prosecutor's remarks were prefaced with the statement, "I think a reasonable deduction from the evidence would show you this." Proper jury argument includes summation of the evidence as well as reasonable deductions from the evidence. *Harris v. State*, 827 S.W.2d 949 (Tex.Cr.App.1992), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). First, the prosecutor's remarks are supported by the record and as such were within the realm of proper jury argument. Moreover, appellant did not object to the argument. Normally, one must object in

---

**3.** Although we do not reach the point under the facts of this case, we note that *Lindquist v. State*, 922 S.W.2d 223 (Tex.App.—Austin 1996, pet'n ref'd), and *Bowers v. State*, 914 S.W.2d 213 (Tex.

App.—El Paso 1996, pet'n ref'd), appear to reach opposite results regarding ex post facto application of Article 38.07.

order to preserve a complaint about jury argument. *Banda v. State,* 890 S.W.2d 42 (Tex.Cr.App.1994). Under the circumstances of this case, appellant has waived his right to complain of any error. TEX.R.APP.P. 52(a). His fifth point of error is overruled. See also *Anderson v. State,* 932 S.W.2d 502 (Tex.Cr. App.1996).

In his sixth point, appellant complains that "[t]he argument and jury charge were focused on an inapplicable statute." We have overruled appellant's points of error four and five, and for the same reasons we overrule his sixth point. He has presented nothing new in this point of error.

Although appellant has presented seven separate points of error, he has, more or less, argued them together. His seventh point is that he "was denied his due process rights to a fair trial." The point is discussed in a paragraph entitled "CONCLUSION." Appellant tells us that "[i]t is clear beyond the need for multiple citations that RICHARD HARO was denied his due process rights to a fair trial." The seventh point is overruled. See TEX.R.APP.P. 74(d) and (f).

The judgment of the trial court is affirmed.