11th Court of Appeals
Eastland, Texas
Opinion
 
Luther Dewayne Parks
            Appellant
Vs.                  No. 11-03-00397-CR -- Appeal from Midland County
State of Texas
            Appellee
 
            The jury convicted Luther Dewayne Parks of aggravated sexual assault of a child and
assessed his punishment at 25 years confinement. We affirm.
            Appellant argues that the evidence is both legally and factually insufficient to support his
conviction. In order to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to
determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light
and determine whether the evidence supporting guilt is so weak that the verdict is clearly wrong and
manifestly unjust or whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v. State, 144 S.W.3d 477
(Tex.Cr.App 2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d
229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State,
922 S.W.2d 126 (Tex.Cr.App.1996). We review the fact finder’s weighing of the evidence and
cannot substitute our judgment for that of the fact finder. Cain v. State, supra; Clewis v. State,
supra. Due deference must be given to the jury’s determination, particularly concerning the weight
and credibility of the evidence. Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v. State,
944 S.W.2d 642 (Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997). This court has the authority
to disagree with the fact finder’s determination “only when the record clearly indicates such a step
is necessary to arrest the occurrence of a manifest injustice.” Johnson v. State, supra at 9.
            The victim testified that when he was 12 years old he lived with his grandparents in an
apartment complex. Appellant lived in the same apartment complex. The victim stated that he and
other children frequently went to appellant’s apartment to watch television and play video games. 
The victim testified that one day appellant said that he would give the victim money and a video
game if the victim would lay down and let appellant give him “head.” The victim later described
“head” as oral sex. The victim testified that he allowed appellant to perform oral sex on him twice
in appellant’s bedroom. The victim stated that appellant gave him video games in exchange for
allowing him to perform oral sex but that appellant did not give him any money. Appellant testified
at trial and denied having oral sex with the victim. A resident of the apartment complex testified that
the victim told her the allegations were not true. 
            Appellant specifically argues that the evidence is legally and factually insufficient to support
his conviction because the victim’s testimony was not corroborated and because the evidence did
not show that the offense occurred on the date alleged in the indictment. The testimony of the victim
of a sexual offense does not have to be corroborated if the victim is 17 years old or younger. TEX.
CODE CRIM. PRO. ANN. art. 38.07(b)(1) (Vernon Pamph Supp. 2004 - 2005); Haro v. State, 946
S.W.2d 120 (Tex.App. - Eastland 1997, pet’n ref’d). 
            The indictment alleges that the offense occurred on or about February 22, 2003. The
evidence shows that the offense was reported to the police on February 22, 2003. The victim
testified that the offense occurred when he was 12 years old and that his birthday is January 19, 1990. 
Unless the date is a material element of an offense, it is not necessary for an indictment to specify
the precise date on which the charged offense occurred. Garcia v. State, 981 S.W.2d 683, 685-86
(Tex.Cr.App.1998). The primary purpose of specifying a date in the indictment is not to notify the
accused of the date of the offense but, rather, to show that the prosecution is not barred by the statute
of limitations. Garcia v. State, supra. After reviewing all of the evidence in the light most favorable
to the verdict, we conclude that a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Viewing all of the evidence, we do not find that the verdict is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v.
State, supra. We have considered all of appellant’s issues on appeal, and all are overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
March 17, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.