John HARGROVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 57090.

Court of Criminal Appeals of Texas,
Panel No. 2.

April 11, 1979.

Michael W. George, Denton, for appellant.

Jerry Cobb, County Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated sexual abuse. Punishment was assessed at ten years.

In his first two grounds of error appellant challenges the sufficiency of the evidence to show there was contact between appellant's genitals and the mouth of the complaining witness as alleged in the indictment, and to show that the complaining witness used or was prevented from using such resistance as would be exerted by a person of ordinary resolution.

With respect to the first ground of error, the record reflects the following questions and answers during direct examination of the prosecutrix:

"Q. All right. And what did he make you do?

"A. He forced me to commit oral sodomy.

"Q. What do you mean by 'oral sodomy'?

"A. He forced my head over his genitals.

"Q. All right. In other words, he made you take his penis into your mouth, is that correct?

"A. Yes, sir.

"MR. GEORGE: Objection, Your Honor; it's extremely leading.

"THE COURT: I will sustain the objection as to leading.

By Mr. Cobb:

"Q. What exactly did he make you do in ordinary terms?

"A. He put my head over his penis and then he raised it up and he said, 'You're not doing it right,' and then he started talking about circumcision or something like that and he started explaining to me how he wanted it done.

"Q. All right. And did you do what he asked you to do?

"A. Yes, sir, I did.

"Q. Was he circumcised?

"A. I don't know. I couldn't see.

"Q. All right. Did he reach an orgasm?

"A. Yes, sir, he did."

This evidence was sufficient.

Regarding the second ground of error on the sufficiency of the evidence, we first observe that the statutory standard of V.T. C.A., Penal Code Sec. 21.04(b)(2), is not that the victim use or be prevented from using such resistance as would have been used by a person of ordinary resolution, but it is instead that the accused compel submission or participation "by any threat, communicated by actions, words, or deeds, that would prevent resistance by a person of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm." Sec. 21.04(b)(2), supra. The testimony in the record before us shows appellant induced the prosecutrix to accompany him in his car on the pretext of delivering tickets to various businesses in Denton. He then drove her to a secluded spot on a dirt road and told her various stories of being involved with the mafia, of being watched at that time and place by his boss and other persons, of a pack of wild dogs loose in the area, and of having been injured himself by the group he was involved with. He told her they were in too deep with that operation to back out and that she would have to submit to sexual relations with one of the other men or with appellant himself. He pulled a knife and flashed it in her face, and told her of another girl who had been cut up by the group he was involved with. The prosecutrix was distraught and had been crying from when he first parked on the dirt road and began to tell her of their "situation." We find the evidence is sufficient and overrule the ground of error.

In his fifth ground of error appellant asserts there was no corroboration of the prosecutrix as required by Art. 38.07, V.A.C.C.P., which provides in part:

"A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. . . ."

The prosecutrix here testified that she told her roommate of the offense on the day it occurred, and reported it to the police the next week. Thus, under the express terms of the statute no corroboration was required. This ground of error is overruled.

In his fourth ground of error appellant asserts that at the punishment stage evidence was admitted over objection that was not within the scope of Art. 37.07, Sec. 3(a), V.A.C.C.P. He argues in his brief, "The State was apparently attempting to bolster its case by introducing evidence which went to the guilt or innocence of the appellant." We decline to hold it is error to admit evidence at the punishment stage that would have been admissible at the guilt stage, as appellant appears to propose that we should. Furthermore, the provision of Art. 37.07, supra, relied on by appellant is not an exclusive list of matters that may be shown at the punishment stage. See, *Williams v. State*, 535 S.W.2d 637 (Tex.Cr. App.), and authorities cited and discussed there.

Finally, appellant asserts improper jury argument by the prosecution. No objection was urged at trial, so nothing is presented for review. See, *Cain v. State*, 549 S.W.2d 707, 715 (Tex.Cr.App.).

The judgment is affirmed.