Brian Dean WESTON, Appellant,

v.

The STATE of Texas, State.

No. 2–93–084–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 2, 1994.

Lollar, Phillips, Factor & Blanco, P.C., and Abe Factor, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin, Michael R. Casillas, David Kleckner, Lee Wyatt, Assts., Fort Worth, for State.

Before FARRIS, WEAVER and DAY, JJ.

## OPINION

FARRIS, Justice.

A jury convicted Brian Dean Weston of driving while intoxicated and the court assessed punishment at a fine of $750, of which $400 was probated, and a sentence of 180 days, probated for two years. *See* TEX.REV. CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp. 1994). In his sole point of error, Weston complains the trial court violated *ex post facto* laws when it applied TEX.CODE CRIM. PROC.ANN. art. 1.13 (Vernon Supp.1994) retroactively and refused to accept his waiver of jury. Because article 1.13 did not assign more disadvantageous criminal or penal consequences to Weston than those imposed by the prior law, his point of error is overruled and his conviction is affirmed. *See id.*

■ Weston committed the instant offense on April 1, 1990, before article 1.13 became effective on September 1, 1991, and the case was tried in February 1993. Article 1.13 concerns the procedure by which an accused may waive trial by jury. Specifically it provides:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial

by jury, conditioned however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon Supp.1994). Before this article was enacted, one accused of committing a misdemeanor offense could unilaterally waive a jury trial. *See Brinson v. State,* 570 S.W.2d 937 (Tex. Crim.App. [Panel Op.] 1978). Thus, the question presented here is whether conditioning the waiver of a jury in misdemeanor cases upon the State's consent constitutes one of the four types of legislation that implicate the *ex post facto* provisions of the constitutions. U.S. CONST. art. I, §§ 9 and 10; TEX. CONST. art. I, § 16.

The types of legislation that implicate the *ex post facto* provisions of the constitutions are: (1) every law that makes an action done before passing of the law, and which was innocent when done, criminal; (2) every law that aggravates a crime and makes it greater than it was when committed; (3) every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed; (4) every law that alters the legal rules of evidence and receives less or different testimony than the law required at the time of the commission of the offense, in order to convict the offender. *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *Grimes v. State,* 807 S.W.2d 582, 586 (Tex.Crim.App.1991).

In the case before us, article 1.13 does not make an action done before passing the law, and which was innocent when done, criminal; it does not aggravate a crime; it does not make more burdensome the punishment for a crime after its commission; and it does not deprive Weston of any defense available according to law at the time when the act was committed. Further, requiring the jury in

certain cases to determine and assess punishment only provides a different mode of ascertaining the accused's guilt or innocence and imposing punishment. It merely substitutes the opinion of the jury for that of the judge. *See Holt v. State,* 2 Tex. 363, 364 (1847). Because article 1.13 affected only the mode and not the manner by which Weston's guilt was determined and did not assign more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred, we overrule Weston's point of error.

The judgment is affirmed.