Bobby BOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–95–00064–CR.

Court of Appeals of Texas,
El Paso.

Jan. 4, 1996.

Rehearing Overruled Jan. 31, 1996.

---

Nancy L. Hart, Midland, for Appellant.

Al W. Schorre, Jr., District Attorney of Midland County, Midland, for State.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## OPINION

LARSEN, Justice.

The appellant, Bobby Bowers, was convicted by a jury of sexual assault of a child and sentenced by the court to a term of twelve years confinement. In a single point of error, Bowers contends that his conviction is based on an ex post facto law in violation of the Texas and United States Constitutions. We find that the outcry statute found at TEX.CODE CRIM.PROC.ANN. art. 38.07 was amended so as to allow conviction upon less evidence than was required when the alleged offense occurred. We nevertheless find that the evidence adduced at this trial was sufficient to establish outcry under the statute in

effect when the offense was committed. We therefore affirm.

Bowers was accused of sexually assaulting his niece, S.B., on October 12, 1990 when she was fourteen years old. S.B., who suffered a head injury as a young child, is mildly mentally retarded. S.B. attended special education classes at the public high school through the ninth grade. She dropped out of school shortly after getting married. At the time of trial, S.B. was eighteen years old and had been married for two and one-half years.

The state's case consisted of testimony from S.B. and a mental retardation expert. S.B. testified as follows: At the time of the offense, she and her family lived on a dairy farm and Bowers lived with them. On the day of the alleged offense, S.B. was playing hide-and-seek with her friend J.R., her younger brother and sister, and Bowers at 3 or 4 in the afternoon. Bowers took her to a hayloft and had sex with her for about thirty minutes. Afterward, she told her friend J.R. about the incident. S.B. was the only witness to testify about the assault. Her testimony was uncorroborated.

Bowers' motion for directed verdict at the close of the state's evidence was denied. At the request of the defense, the trial court took judicial notice that October 12, 1990 was a Friday. During presentation of the defendant's evidence, the parties stipulated that the testimony of a doctor would be as follows: She examined S.B. on October 23, 1990, eleven days after the alleged offense, for sexual abuse. S.B. had an intact hymen, and showed no physical evidence of abuse. Penetration of the vagina can occur without causing an opening in or any significant damage to the hymen.

Bowers presented an alibi defense through his own testimony and that of Paul Renz and Thomas Roach. Renz testified as follows: In October 1990, Bowers worked for him as a warehouseman. Employment records showed Bowers worked from 7:30 a.m. to 12 p.m. and 1 p.m. to 5:30 p.m. on October 12, 1990. Bowers had the special task of handing out checks to subcontractors on Friday afternoons. Renz would have had to hand out the checks if Bowers had been gone. Renz did not remember Bowers being gone that Friday afternoon.

Roach testified as follows: He lived in the same apartment complex as Bowers in October 1990 and Bowers was also his commanding officer in the State Guard. Bowers received an officer's commission on October 12, 1990. Roach and his wife went out for dinner with Bowers to celebrate Bowers' commission around 6:30 p.m. that evening, and thereafter they went to the National Guard Armory to measure for shelves.

Bowers testified as follows: He lived at the Silverado Apartments on October 12, 1990. He specifically recalled October 12, 1990, because that was the day he received his commission to Second Lieutenant. On October 12, 1990, he worked until 5:30 p.m. and then came home, changed clothes, and went out to eat with Roach and his wife. After dining, they went to the armory to take measurements for storage lockers. He denied sexually assaulting S.B. on October 12, 1990 or any other day.

J.R., the outcry recipient, was ten years old at the time of the offense. He testified that S.B. never told him Bowers had raped her, molested her, or had sexual intercourse with her. He stated that he would remember if she had. In response to questions from the state, J.R. reiterated that S.B. never told him that she had been sexually assaulted by Bowers.

### Amended Outcry Statute

At the time of the offense, Texas Code of Criminal Procedure, article 38.07 provided that a conviction for sexual assault or aggravated sexual assault was supportable on the uncorroborated testimony of the victim if the victim informed any other person of the offense within six months of its occurrence. If the victim was younger than fourteen years of age, outcry within six months was not required. Acts 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex.Gen.Laws 2090, Acts 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex.Gen. Laws 5317, 5319 amended by Acts 1993, 73rd Leg., R.S. ch. 900, § 12.01, 1993 Tex.Gen. Laws 3765 (current version at TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp. 1996)).

This statute was amended in 1993 to allow a conviction for sexual assault or aggravated sexual assault to rest on the uncorroborated testimony of the victim if the victim informed another person of the offense within *one year* of its occurrence. The victim is not required to have made outcry within the allotted time if the victim was *younger than 18 years of age* at the time of the offense. TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp. 1996).

Citing *Grimes v. State*, 807 S.W.2d 582 (Tex.Crim.App.1991), the state contends that the amended article 38.07 is not an ex post facto law because it does not (1) punish an act that was innocent when done; (2) increase the punishment for a crime after its commission; or (3) deprive the accused of a defense. Relying on *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30, 38 (1990), Bowers contends that article 38.07 is a part of the definition of sexual assault because it goes to the very heart of guilt or innocence. Bowers argues that article 38.07 is a rule that defines the amount of evidence necessary to convict him and, therefore, "is tantamount to the definition of the crime." Bowers asserts the change in the statute reduces the amount of evidence necessary to convict, and consequently, is an ex post facto law as applied to him.

### Ex Post Facto

■ The term "ex post facto" refers to any law passed after the commission of an act which retrospectively changes the consequences of the act. *See Grimes*, 807 S.W.2d at 583–84. "Ex post facto" is a term of art that had an established meaning at the time of the framing of the United States Constitution. *Youngblood*, 497 U.S. at 41, 110 S.Ct. at 2718, 111 L.Ed.2d at 38. In *Youngblood*, the United States Supreme Court deter-

mined that the interpretation most faithful to the original understanding of the ex post facto clause is that espoused in *Calder v. Bull*, 3 Dall. 386, 390–92, 1 L.Ed. 648 (1798); *Grimes*, 807 S.W.2d at 585. Under *Calder* and its progeny, a law violates ex post facto prohibitions if it (1) makes criminal an act that was innocent when done; (2) increases the punishment for an offense after its commission; (3) deprives one of a defense available at the time of the act; or (4) alters the legal rules of evidence and receives less or different evidence to convict than the law required at the time the act was committed.[1] *Youngblood*, 497 U.S. at 42, 110 S.Ct. at 2719, 111 L.Ed.2d at 38–39; *Grimes*, 807 S.W.2d at 586; *Skillern v. State*, 890 S.W.2d 849, 862 (Tex.App.—Austin 1994, pet. filed); *Weston v. State*, 870 S.W.2d 197, 198 (Tex.App.—Fort Worth 1994, no pet.); *Aylor v. State*, 727 S.W.2d 727, 729 (Tex.App.—Austin 1987, pet. ref'd); *Lindsey v. State*, 672 S.W.2d 892, 894 (Tex.App.—Dallas 1984, pet. ref'd).

■ The issue before us is whether the amended article 38.07 alters the rules of evidence to require less evidence to sustain a conviction for sexual assault, thereby violating ex post facto prohibitions. We find that it does.

■ The first version of article 38.07, enacted in 1975, allowed a rape conviction to rest on the uncorroborated testimony of the victim if timely outcry was made. The intent of the Legislature in passing this statute was to make rape convictions easier to obtain. *Scoggan v. State*, 799 S.W.2d 679, 682 (Tex. Crim.App.1990); *Hernandez v. State*, 651 S.W.2d 746, 753 (Tex.Crim.App.1983) (Clinton, J., concurring; opinion adopted as majority on motion for reh'g). In amending article 38.07 in 1983, the Legislature chose to exempt only those victims younger than fourteen years of age from the outcry require-

1. Although recent cases often fail to list the fourth definition, certain changes in legal rules of evidence can have ex post facto effect. In *Youngblood*, the Supreme Court disavowed the conclusion that a procedural change was an ex post facto law if it denied a defendant "substantial protections" under existing law. The Court noted that procedural changes that simply work to the disadvantage of the defendant, leaving untouched the nature of the crime and *the amount or degree of evidence essential to convict*, are not ex post facto laws. *Youngblood*, 497 U.S. at 42–43 n. 3, 110 S.Ct. at 2719 n. 3, 111 L.Ed.2d at 39 [emphasis added]. However, simply labeling a law "procedural" does not immunize it from ex post facto scrutiny. 497 U.S. at 46, 110 S.Ct. at 2721, 111 L.Ed.2d at 41. A procedural change that decreases the proof necessary to convict violates ex post facto prohibitions.

ment.[2] *See* 1983 Tex.Gen.Laws 2090; 1983 Tex.Gen.Laws 5319. This amendment was enacted in the face of established case law that a victim's testimony did not require corroboration if the victim was under the age of consent, i.e., seventeen. *See Hernandez,* 651 S.W.2d at 753. The 1983 amendment of article 38.07 clearly required corroboration or timely outcry if the victim was fourteen years of age or older. *Scoggan,* 799 S.W.2d at 682–83. The statute was again amended in 1993, and now requires either outcry within one year of the offense or corroboration only when the victim is eighteen years of age or older.[3] TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1996).

S.B. was fourteen years old at the time of the offense here. Under the 1983 version of article 38.07, S.B.'s uncorroborated testimony would have been insufficient to convict Bowers unless S.B. made an outcry to a third person within six months of the offense.[4] *See Scoggan,* 799 S.W.2d at 683 (holding defendant could not be convicted of sexual assault on the uncorroborated testimony of victim who was older than age fourteen at the time of the offense where the evidence failed to demonstrate outcry to third person within six months of the offense); *Friedel v. State,* 832 S.W.2d 420, 422 (Tex.App.—Austin 1992, no pet.) (holding conviction for aggravated sexual assault could not be supported on the uncorroborated testimony of fifteen year old victim whose outcry was made eighteen months after the offense); *Jones v. State,* 789 S.W.2d 330, 333 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd) (holding conviction could not be supported on the uncorroborated testimony of fourteen year old victim whose outcry was made seven months after the offense).

Under the amended article 38.07 in effect at the time of trial in 1995, however, the uncorroborated testimony of S.B. was enough to support Bowers conviction for sexual as-

sault, even absent timely outcry. Accordingly, assuming no timely outcry, the amended article 38.07 is not merely a procedural change, but operates as an impermissible ex post facto law. It allowed Bowers to be convicted on less evidence than was required at the time the offense was committed. *See Aylor,* 727 S.W.2d at 730 (holding statute as applied to act committed before effective date of amendment was ex post facto because the term "female sexual organ" in amended statute defining sexual assault was more expansive than the term "vagina" in prior statute, permitting conviction on less or different evidence); *Lindsey,* 672 S.W.2d at 895 (holding even if defendant's conduct would constitute aggravated rape under either version, amended statute that required less or different evidence from statute in effect at time of the offense was ex post facto). *But see Ritchey v. State,* 407 S.W.2d 506, 507 (Tex. Crim.App.1966) (holding change in law that permitted former wife to testify against defendant in prosecution for statutory rape of her child was not ex post facto because no less evidence was required to convict by virtue of statute); *Villalon v. State,* 805 S.W.2d 588, 591 (Tex.App.—Corpus Christi 1991, no pet.) (holding application of article 38.072 to allow certain testimony to be admitted that was inadmissible in a prosecution at time of offense simply changed a rule of evidence to eliminate the hearsay bar to admissibility of outcry statements and was not ex post facto); *Tumlinson v. State,* 757 S.W.2d 440, 443 (Tex.App.—Dallas 1988, pet. ref'd) (holding amendment to statutory mental health privilege permitting testimony of psychotherapist resulted in no ex post facto violation but simply enlarged the class of persons eligible to testify at trial; amendment did not lessen amounts or measure of proof necessary to convict).

### Sufficient Evidence of Outcry

The state contends, alternatively, that the evidence is sufficient to sustain the conviction

2. The Legislature expressly provided that the amendment applied only to an offense committed on or after the effective date of the amendment; an offense committed before the effective date of the amendment was to be governed by the law in effect at the time the offense was committed. See Historical and Statutory Notes to art. 38.07; § 13 of Acts 1983, 68th Leg., 5321, ch. 977.

3. Unlike the 1983 amendment, the 1993 amendment was not made applicable only to offenses committed after its effective date.

4. The parties do not dispute that S.B.'s testimony was uncorroborated.

under the old law because S.B. testified that she made a timely outcry. The state asserts corroboration of her testimony is not required under either version of article 38.07. The state argues that article 38.07 does not require the outcry recipient to testify to the fact of the outcry. Citing *Hargrove v. State,* 579 S.W.2d 238 (Tex.Crim.App.1979), the state contends that S.B.'s testimony alone is sufficient evidence of timely outcry.

In *Hargrove,* the Court of Criminal Appeals held that the victim's testimony that she told her roommate of the offense on the day it occurred and reported it to the police the next week did not require corroboration. *Hargrove,* 579 S.W.2d at 239. Similarly, this Court has held that the victim's own testimony is competent evidence of outcry, "even in the absence of confirming testimony by the outcry recipient." *Kester v. State,* 636 S.W.2d 232, 234 (Tex.App.—El Paso 1982, no pet.). The issue in *Kester* was whether the outcry was made within the statutorily required six months. The record showed the defendant was indicted in July 1979 for an offense alleged to have occurred on May 1, 1979. Accordingly, other evidence confirmed that the victim's outcry was timely.

 In this case, unlike *Hargrove* and *Kester,* we are not faced with the simple absence of *confirming* testimony from the outcry recipient. Rather here, the alleged outcry recipient flatly denied that any outcry was made at all. In such a circumstance, and in the absence of other evidence confirming that an outcry was made, we are concerned that the testimony of the victim alone might not suffice to establish the fact of the outcry. That is, where the victim's testimony of outcry is contradicted by the alleged outcry recipient, we believe there must be some additional confirmation that outcry was made. We find that here such confirming evidence was before the jury. The victim visited a doctor who performed an examination for sexual abuse eleven days after the alleged assault. Although no details were presented as to how the victim came to be examined, the logical inference is that she told someone of the assault less than two weeks after its commission.

We find that under these facts, although the amended article 38.07 required less evidence to support a conviction for sexual assault than the version of article 38.07 in effect at the time of the alleged offense, the evidence actually presented satisfied the requirements of both statutes. Consequently, we hold that the amended 38.07 as applied to Bowers did not operate as an ex post facto law. Bower's point of error is overruled.

### CONCLUSION

The judgment of the trial court is affirmed.