COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MICHAEL GOMEZ, | § | |
| | | No. 08-17-00185-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Criminal Court No. 1 |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20140C05675) |
| | § | |

## **O P I N I O N**

The State of Texas charged Michael Gomez by information with violation of a protective order, and Gomez later pleaded guilty to that offense. Gomez preserved his right to appeal. In a single issue, Gomez argues that the trial court erred in denying his motion to quash the information filed against him on the basis that the misdemeanor charge violated the *ex post facto* prohibition of the constitution of both the United States and of this state. We affirm.

## **BACKGROUND**

On November 14, 2012, following an evidentiary hearing, the 65th Judicial District Court of El Paso County, Texas, entered a protective order on the application of Rachel Valdespino pursuant to Chapter 7A of the Texas Code of Criminal Procedure. The trial court entered a finding that Michael Gomez had been duly cited to appear at a hearing but did not appear and wholly made

default of the proceeding. The court further found there were reasonable grounds to believe that Valdespino had been the victim of stalking. By its terms, the protective order prohibited Gomez from, *inter alia*, communicating directly with Valdespino in a threatening or harassing manner or going within 200 yards of her residence located at 1967 Happer, El Paso, Texas. The protective order issued against Gomez remained in effect until November 13, 2014.

On May 20, 2014, the State charged Gomez by information for violation of the protective order. In two paragraphs, the information alleged that on March 22, 2014, Gomez violated the terms of the order issued on November 14, 2012 (1) by knowingly communicating directly with Valdespino; and (2) by knowingly going within 200 yards of the residence of Valdespino. The information included the complaint affidavit of Officer E. Morales of the El Paso Police Department asserting that he was dispatched on March 22, 2014, to Valdespino's residence. Officer Morales met with Valdespino who reported that Gomez had just left her residence after knocking on her bedroom window and attempted to force entry after she refused to open her door for him. Valdespino also reported that Gomez had threatened to shoot her and anybody around her while he was at the residence, and that he had been sending numerous text messages and leaving voicemails on Valdespino's and her sister's cell phones. Valdespino stated that she believed Gomez was harassing her and her family by constantly sending them threatening and insulting messages.

On March 1, 2017, Gomez filed a motion to quash the information and motion to dismiss for lack of jurisdiction. Gomez argued that, in November 2012, at the time the protective order was issued pursuant to Chapter 7A of the Texas Code of Criminal Procedure, it was not a criminal offense under TEX. PENAL CODE ANN. § 25.07 for a person to violate such a protective order.

2

Gomez later filed an amended motion arguing that the information as written amounted to an *ex post facto* violation. During a hearing on the motion to quash on March 6, 2017, Gomez argued that the trial court lacked jurisdiction because Section 25.07 did not criminalize a violation of a Chapter 7A protective order at the time Gomez allegedly violated the order protecting Valdespino. The State responded that Gomez had been charged with a violation of a protective order under TEX. PENAL CODE ANN. § 38.112, which criminalized a violation of a Chapter 7A protective order at the time the alleged violation had occurred.

The trial court denied Gomez's motions to quash, and on July 13, 2017, Gomez pleaded guilty to the charged offense and received ten days' jail time as punishment. This appeal follows.

## DISCUSSION

Gomez appeals his conviction in a single issue, arguing that the trial court should have quashed the information for lack of jurisdiction over the case because the Legislature's amendment to Section 25.07(a) constitutes an *ex post facto* violation of the United States and Texas Constitutions. Before addressing Gomez's issue, we consider the applicable law and standard of review.

### Applicable Law

We apply a bifurcated standard of review to the trial court's decision of whether to quash or set aside an information. *Roman v. State*, No. 08-11-00057-CR, 2012 WL 5287933, at *4 (Tex. App.—El Paso Oct. 24, 2012, no pet.) (not designated for publication) (citing *Haywood v. State*, 344 S.W.3d 454, 461 (Tex. App.—Dallas 2011, pet. ref'd)). We give almost total deference to the trial court's determination of historical facts in the record, particularly those turning on an evaluation of witnesses' credibility and demeanor; those determinations not turning on an

3

evaluation of credibility and demeanor we review *de novo*. *Id.* (citing *Haywood*, 344 S.W.3d at 461). Since Gomez alleges an *ex post facto* violation which does not turn on an evaluation of credibility and demeanor, we review the issue *de novo*. *See id.*

A violation of the prohibition against *ex post facto* laws occurs when a law passed after the commission of a criminal act retrospectively changes the consequences of the act. *In re U.G.V.*, 199 S.W.3d 1, 7 (Tex. App.—El Paso 2005, no pet.) (citing *Bowers v. State*, 914 S.W.2d 213, 216 (Tex. App.—El Paso 1996, pet. ref'd)). Stated differently, the United States and Texas Constitutions prohibit statutes from being applied retroactively in a way that changes the punishment that applied to a crime on the date the crime was committed. *Collins v. State*, 516 S.W.3d 504, 513 (Tex. App.—Beaumont 2017, pet. denied) (citing *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002)). An *ex post facto* violation occurs when a law (1) makes criminal an act that was innocent when done; (2) increases the punishment for an offense after its commission; (3) deprives one of a defense available at the time of the act; or (4) alters the legal rules of evidence and allows less or different evidence to convict than the law required at the time the act was committed. *Bowers*, 914 S.W.2d at 216 (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990); *Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991)); *Ex parte Thomas*, No. 08-00-00384-CR, 2001 WL 429194, at *2 (Tex. App.—El Paso Apr. 26, 2001, no pet.) (not designated for publication).

The statute in question, Chapter 7A, covers protective orders issued to victims of stalking. *See generally* TEX. CODE CRIM. PROC. ANN. ch. 7A. The purpose of the protective order statutes is to protect victims of various offenses, including stalking, and to allow these victims to seek protection from those who commit the offense. *Webb v. Schlagal*, 530 S.W.3d 793, 809 (Tex.

App.—Eastland 2017, pet. denied) (citing TEX. CODE CRIM. PROC. ANN. art. 7A.01). Article 7A.01 was amended in 2011 to allow a victim of stalking to apply for a protective order, and it was under this version of the statute that the trial court issued its protective order on November 14, 2012. *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 135, § 2, 2011 Tex. Gen. Laws 640, eff. Sept. 1, 2011.

At the time Gomez violated the protective order on March 22, 2014, Section 38.112 criminalized the violation of a Chapter 7A protective order, punishable as a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.112, *repealed by* Act of June 19, 2015, 84th Leg., R.S., ch. 1133, § 7, 2015 Tex. Gen. Laws 3815, 3818, eff. Sept. 1, 2015. As it existed at the time of the offense in 2014, Section 38.112 read as follows:

> (a) A person commits an offense if, in violation of an order issued under Chapter 7A, Code of Criminal Procedure, the person knowingly:
>
> > (1) communicates directly or indirectly with the applicant or any member of the applicant's family or household in a threatening or harassing manner;
> >
> > (2) goes to or near the residence, place of employment or business, or child-care facility or school of the applicant or any member of the applicant's family or household; or
> >
> > (3) possesses a firearm.
>
> (b) If conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or under both sections.
>
> (c) An offense under this section is a Class A misdemeanor.

Section 38.112 was repealed effective September 1, 2015 because Section 25.07 was amended to criminalize the violation of a protective order falling under Chapter 7A. *See* TEX. PENAL CODE ANN. § 25.07. Section 25.07 reads as follows:

> (a) A person commits an offense if, in violation of a condition of bond set in a

family violence, sexual assault or abuse, stalking, or trafficking case and related to the safety of a victim or the safety of the community, an order issued under Chapter 7A, Code of Criminal Procedure, . . . the person knowingly or intentionally:

. . .

(2) communicates:

(A) directly with a protected individual or a member of the family or household in a threatening or harassing manner;

(B) a threat through any person to a protected individual or a member of the family or household; or

(C) in any manner with the protected individual or a member of the family or household except through the person's attorney or a person appointed by the court, if the violation is of an order described by this subsection and the order prohibits any communication with a protected individual or a member of the family or household;

(3) goes to or near any of the following places as specifically described in the order or condition of bond:

(A) the residence or place of employment or business of a protected individual or a member of the family or household;

. . .

(g) An offense under this section is a Class A misdemeanor, except the offense is a felony of the third degree if it is shown on the trial of the offense that the defendant:

(1) has previously been convicted two or more times of an offense under this section or two or more times of an offense under Section 25.072, or has previously been convicted of an offense under this section and an offense under Section 25.072; or

(2) has violated the order or condition of bond by committing an assault or the offense of stalking.

**Analysis**

Here, Gomez was prosecuted under Section 38.112, which was still in effect at the time he violated the protective order on March 22, 2014, as the statute was not repealed until September

1, 2015.  Moreover, the relevant portions of Section 25.07 were not in effect until after that date.  *See* Act of June 19, 2015, 84th Leg., R.S., ch. 1133, §§ 1–3, 7, 2015 Tex. Gen. Laws 3815, 3816, 3818, eff. Sept. 1, 2015.  At the time the Chapter 7A protective order was issued on November 14, 2012, Section 38.112 made a violation of a protective order a class A misdemeanor.  *See* TEX. PENAL CODE ANN. § 38.112(c).  Further, the State noted during the motion to quash hearing that it had charged Gomez under Section 38.112 because the offense took place on March 22, 2014, when Section 38.112 was still in effect.  Thus, we hold that no *ex post facto* violation occurred because the State did not prosecute Gomez pursuant to Section 25.07 because that provision was not in effect at the time of the alleged offense, but instead prosecuted Gomez under Section 38.112, which was still in effect at the time the offense was committed.  *See* TEX. PENAL CODE ANN. §§ 25.07, 38.112.

Even if Gomez was prosecuted under Section 25.07, we nonetheless hold that Gomez's prosecution did not constitute an *ex post facto* violation.  First, Section 25.07 did not criminalize an act that was innocent when done because a person who was prohibited from communicating with a person under a protective order and going near that person's residence constituted a violation of the protective order under both statutes.  *See* TEX. PENAL CODE ANN. §§ 25.07(a)(2–3), 38.112(a–b).  Likewise, Section 25.07 did not increase the punishment for the offense from that of a class A misdemeanor after the offense was committed, did not deprive Gomez of a defense previously available at the time of the act, or alter the legal rules of evidence such that less or different evidence was needed to convict Gomez.  *See* TEX. PENAL CODE ANN. §§ 38.112(c), 25.07(g).  Thus, no *ex post facto* violation occurred in this case and the trial court did not err by denying Gomez's motion to quash the information.  *See Bowers*, 914 S.W.2d at 216 (citing

*Youngblood*, 497 U.S. at 42); *see also Ex parte Thomas*, 2001 WL 429194, at *2 (no *ex post facto* violation occurred where amended version of criminal statute did not punish an act that was innocent when it was done, did not inflict greater punishment, did not deprive the defendant of a legal defense that was available when the act was committed, or allow less or different evidence to convict the defendant).  Gomez's sole issue is overruled.

## CONCLUSION

Having overruled Gomez's sole issue, we affirm the judgment of the trial court.


GINA M. PALAFOX, Justice

February 27, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

8